No. 19,566.

RICHARD J. BROWN, *Appellant,* v. EDWARD OESTER-
REICH, *Appellee.*

SYLLABUS BY THE COURT.

SALE OF LAND—*Specific Performance—Demurrer to Evidence Wrongfully Sustained.* In an action for specific performance of a contract for the sale of a farm, the issues and plaintiff's evidence examined and held sufficient against a demurrer to the evidence.

Appeal from Dickinson district court; ROSWELL L. KING, judge. Opinion filed June 12, 1915. Reversed.

*James V. Humphrey* and *Arthur S. Humphrey,* both of Junction City, for the appellant.

*G. W. Hurd, Arthur Hurd,* and *Bruce C. Hurd,* all of Abilene, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment sustaining a demurrer to plaintiff's evidence in a suit for specific performance of a contract concerning the sale of a Dickinson county farm.

On September 8, 1913, the plaintiff entered into a written contract with defendant for the sale of plaintiff's farm. In substance, the terms were $1000 cash, the assumption by the purchaser of a $6600 mortgage on the farm, the balance about $9120, "to be paid in cash at the First National Bank, Junction City, Kan., on or before March 1, 1914."

The plaintiff agreed to execute and deliver a warranty deed to defendant upon payment of these sums of money, and to furnish an abstract showing good title, and to put the defendant in possession of the farm. The plaintiff also agreed to pay all the incidental expenses of securing a renewal of the mortgage loan on the farm, which was to mature June 1, 1914.

The agreement also stipulated that the farm should be measured by the county surveyor and the exact price should be $110 per acre in accordance therewith. This survey was completed on February 17, 1914.

The plaintiff deposited his deed and abstract with the First National Bank about February 25, 1914. He also made arrangements with the banker for the renewal of the mortgage.

The defendant failed to come forward with the money due at the First National Bank on March 1, 1914, under this contract, and plaintiff brought suit for specific performance. The defendant's answer, after a general denial and an admission of the execution of the contract and the first payment by him of $1000 thereon, set up allegations of false and fraudulent representations concerning the quality of the land, that part of it was full of stumps, etc; that he had relied on those representations, etc., and that plaintiff was not able to perform his part of the contract; that plaintiff was not the owner of a clear title to the land nor able to give good title, etc.

At the trial the plaintiff assumed the burden which legally rested upon him and produced evidence showing, so far as the case is now before us, good title;

the execution and deposit of the deed with the bank where defendant's payment was due and payable March 1, 1914; he proved by the banker in control of the mortgage that arrangements were completed for the extension of the loan as per the contract terms by which defendant was to execute the necessary papers and plaintiff was to pay the incidental expenses; avowed his willingness to proceed with the bargain, and proved the default of the defendant. Thereupon the defendant demurred to plaintiff's evidence. The demurrer was sustained; and this brings the case here.

What was the matter with plaintiff's evidence? That is hard to say. Maybe the district court did not believe a word of plaintiff's testimony, but it was sufficient against a demurrer. It is suggested by counsel for appellee that defendant was never notified of the county surveyor's measurement. The contract imposed no particular duty on plaintiff concerning it. Presumably it was the duty of both to find out about that, and particularly the duty of defendant, because upon it depended the exact sum he must pay over at the bank on March 1. Were this not the case, it was a matter of defense which he should have pleaded. It is suggested that plaintiff had made no offer to carry out the provision for the extension of the mortgage loan. The proof is otherwise; and moreover, there could be no default thereon until the time of renewal should arrive, which was June 1, 1914.

It is also urged that no deed was tendered. It was left at the bank with the banker, who was to receive the defendant's payment. It was not to be delivered until defendant's March payment was made. The exchange of cash and delivery of deed were to be simultaneous; the place where the cash was to be paid was specifically designated. That was a sufficient designation of the place where defendant might expect the surrender of the deed. Moreover, since the appellee is maintaining a defense of false and fraudulent mis-

representation, the most strict and technical tender of the deed would have been unavailing. It is also urged that defendant was not notified that the deed had been prepared or that the plaintiff was ready to carry out his contract. This is too fine. The presumptions were all to that effect. The plaintiff had received the first payment of $1000 from defendant, so he could hardly expect that the bargain would not proceed according to its terms; but no duty was imposed upon him to notify or remind the defendant that plaintiff was getting ready to perform and would expect the defendant likewise to be ready on March 1.

This case does not call for the pronouncement of any new principle, nor need the opinion be extended by trite repetitions of established law. It is reversed, and remanded with instructions to set aside the order sustaining the demurrer to plaintiff's evidence and for further proceedings consistent therewith.